**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SUSAN NONGUESKWA,

    Plaintiff,

v.

SPEEDWAY LLC,
a Delaware Limited Liability Company

    Defendant.

Hon.

Magistrate Judge

| GREWAL LAW, PLLC | MILLER, CANFIELD, PADDOCK |
| --- | --- |
| Daniel V. Barnett (P82372) | and STONE, P.L.C. |
| Attorney for Plaintiff | Amy M. Johnston (P51272) |
| 801 Broadway Northwest, Suite 302 | Attorney for Defendant Speedway LLC |
| Grand Rapids, Michigan 49504 | 150 West Jefferson, Suite 2500 |
| (616) 259-8463 / (517) 393-3003 | Detroit, Michigan 48226 |
| dbarnett@4grewal.corn | (313) 963-6420 |
| | johnston@millercanfield.com |

**DEFENDANT SPEEDWAY LLC'S NOTICE OF REMOVAL**

Defendant Speedway LLC ("Speedway"), by and through its attorneys, Miller, Canfield, Paddock and Stone, P.L.C., hereby gives notice of its removal of this action from the Circuit Court for the County of Clinton, State of Michigan (Case No. 21-12073) to the United States District Court for the Western District of Michigan, Southern Division, pursuant to 28 U.S.C. §§ 1332, and 1441. In support of its Notice of Removal, Speedway states as follows:

1. An action has been commenced against Speedway in the Circuit Court for the County of Clinton, State of Michigan, entitled *Susan Nongueskwa v. Speedway LLC*, Case No. 21-12073. Copies of the Summons and Complaint, and all pleadings filed are attached as Exhibit A.

2. Speedway was served with copies of the Summons and Complaint via certified mail through its registered agent on August 25, 2021. Speedway is the only defendant in this case. This

Notice of Removal is due within thirty days following receipt thereof and is therefore timely under 28 U.S.C. § 1446(b)(1).

3. In her Complaint, Plaintiff alleges that she slipped and fell on ice, suffering a broken hip requiring a total hip replacement at a Speedway gas station and convenience store. Plaintiff seeks damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court. Ex. A, ¶ 5.

**Grounds for Removal**

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending.

5. The United States District Court for the Western District of Michigan, Southern Division, has original jurisdiction because this is an action (a) wherein the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs; and (b) between citizens of different states. U.S.C. § 1332(a), (a)(1).

6. Plaintiff alleges in her Complaint that she is a resident of the Charter Township of DeWitt, Michigan. Ex. A, ¶ 1. Furthermore, publicly available information shows that Plaintiff is a registered voter in Michigan. *See* Voter Registration Information attached at Exhibit B. Thus, Plaintiff is a citizen of Michigan.

7. Speedway is a Delaware limited liability company with a sole member, SEI Speedway Holdings, LLC. SEI Speedway Holdings, LLC is a Delaware limited liability company with a sole member, 7-Eleven, Inc. 7-Eleven, Inc. is a Texas corporation with its principal place of business in Texas. *See* the State of Delaware Division of Corporations confirmation pages for

Speedway and SEI Speedway Holdings, LLC; and the State of Texas Office of the Comptroller status page for 7-Eleven, Inc., cumulatively attached as Exhibit C.  Thus, Speedway is a citizen of the state of Texas.  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)(an unincorporated entity, like an LLC, "has the citizenship of each of its members.").

8.	There is complete diversity of citizenship between the parties because Plaintiff is a citizen of Michigan and Defendant Speedway is a citizen of Texas.

9.	Further, the amount in controversy exceeds $75,000 as discerned from the allegations in Plaintiff's Complaint and pertinent jury verdict and settlement research.

10.	Plaintiff seeks damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court. Ex. A, ¶ 5.  A notice of removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded" and the district court finds that the amount in controversy is more likely than not above $75,000.  *See* 28 U.S.C. § 1446(c)(2)(A)-(B); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (noting that state court rules "might enable a plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for") (citations omitted)).  Indeed, the Michigan court rules permit recovery in excess of the amount demanded in Plaintiff's pleadings.  *See* MCR 2.601(A).

11.	Plaintiff alleges that due to the condition of "the parking lot [outside of the Speedway gas station and convenience store], Plaintiff abruptly slipped and fell, was unable to stop her impending fall, and struck the ground" then "was admitted to Sparrow Hospital" where she received "extensive treatment for injuries sustained from the fall on the Premises" including

3

a "total hip replacement" and "treatment consisting of x-rays, invasive surgery, sutures, and physical therapy." *Id*. at ¶¶ 21-24. Plaintiff contends her injuries also include:

> (2) bruising and soft tissue swelling; (3) frequent headaches; (4) frequent soreness of ribs, middle back, lower back, buttocks, upper thighs, and knees; (5) numbness of feet and swelling of ankles; (6) memory loss; (7) difficult standing and climbing stairs; (8) restrictions on ability to work; (…) (10) past, present, and future pain and suffering as a direct and proximate result of the injuries sustained; (…) [and] (12) psychological harm and injury (…).

*Id*. at ¶ 59. Her allegations of injuries reflect a substantial likelihood that this controversy involves claims exceeding $75,000.

12. Jury verdicts and settlements from similar alleged injuries reveal that if liability is proven, damages are likely to exceed $75,000. Please refer to the following results, cumulatively attached as Exhibit D: *Dinneweth v American Multi-Cinema Inc. D/B/A AMC Theaters Great Lakes 25,* JVR No. 1503160074, 2014 WL 8140500 (Mich. Cir. Ct. 2014) ($275,000 judgment for plaintiffs after a fall at defendant's theater required plaintiff to get a hip replacement); *Venter v. Meijer Thrifty Acres*, JVR No. 168321, 1995 WL 797735 (Mich. Cir. Ct. 1995) ($216,000 awarded to plaintiff whose fall at defendant's store required her to get a total hip replacement); *Slawek v Hudson, Target Department Store, Yale LTD, et al.* JVR No. 106577, 1992 WL 505466 (Mich. Cir. Ct. 1992) ($190,000 verdict followed by a $128,000 settlement for plaintiff who broke her hip in defendant's parking lot and required a hip replacement).

13. Based on the injuries and damages alleged in the initial pleadings and pertinent jury verdict and settlement research revealing awards in excess of $75,000 for similar or comparable injuries, the present action satisfies the necessary requirements of amount in controversy for removal to this Court.

**Procedural Requirements for Removal**

14. Speedway has satisfied or will satisfy all procedural requirements for removal under 28 U.S.C. § 1446.

    a. In accordance with 28 U.S.C. § 1446(a), this is the appropriate Court for removal because the state court in which this action was commenced, the Circuit Court for the County of Clinton, is within this Court's district and division. Copies of all process, pleadings, and orders served upon Speedway in this action, including the Summons and Complaint, are attached as Exhibit A. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

    b. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within 30 days of the receipt of the Summons and Complaint. Speedway is the only defendant in this action. *See* 28 U.S.C. § 1446(b)(2)(A).

    c. In accordance with 28 U.S.C. § 1446(d), Speedway will promptly notify Plaintiff in writing that this case has been removed to this Court pursuant to this Notice of Removal. Speedway will, on the day of filing of this Notice of Removal, send for filing a copy of the same with the court clerk of the Circuit Court for the County of Clinton.

15. The prerequisites for removal have been met. If any questions arise as to the propriety of the removal of this action, Speedway respectfully requests the opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

16. In removing this action, Speedway specifically reserves all its defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Speedway LLC hereby petitions to remove this case from the Circuit Court for the County of Clinton, State of Michigan to the United States District Court for

the Western District of Michigan, Southern Division, and requests that all future proceedings be held in this Court.

                                  Respectfully submitted,

                                  Miller, Canfield, Paddock and Stone, P.L.C.

                                  By:  /s/Amy M. Johnston
                                  Amy M. Johnston (P51272)
                                  150 W. Jefferson Avenue, Suite 2500
                                  Detroit, MI 48226
                                  (313) 963-6420
                                  johnston@millercanfield.com
                                  *Attorneys for Defendant*

Dated:  September 17, 2021

38122942.2/135532.00103