# Exhibit A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 29th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS**<br>SHANNON L.W. SCHLEGEL | 21 -            - NO<br>**21 - 12073** |

Court address | Court telephone no.

| Plaintiff's name(s), address(es), and telephone no(s).<br>Susan Nongueskwa | v | Defendant's name(s), address(es), and telephone no(s).<br>Speedway, LLC, a Delaware Limited Liability Company,<br>c/o The Corporation Company<br>    40600 Ann Arbor Road E., Suite 201<br>    Plymouth, MI 48170 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Daniel V. Barnett (P82372)<br>Grewal Law, PLLC<br>801 Broadway Ave NW, Suite 302<br>Grand Rapids, MI 49504<br>(616) 259-8463 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer   pending.

Summons section completed by court clerk. | **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>**AUG 1 0 2021** | Expiration date*<br>**NOV - 9 2021** | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**                           MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| PROOF OF SERVICE | SUMMONS Case No. 21 - 1 2 0 7 3 |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled  Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled  Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                              Date

My commission expires: _____    Signature: _____
                              Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                                      Attachments

_____ on _____
                                              Day, date, time

_____ on behalf of _____ .
Signature

## STATE OF MICHIGAN

### IN THE 29th CIRCUIT COURT FOR THE COUNTY OF CLINTON

SUSAN NONGUESKWA,

Case no.: 21 - **21 - 12073** - NO

Plaintiff,

Hon. **SHANNON L.W. SCHLEGEL**

v

SPEEDWAY LLC,
a Delaware Limited Liability Company,

Defendant.

---

**Daniel V. Barnett (P82372)**
GREWAL LAW, PLLC
*Attorney for Plaintiff*
801 Broadway Northwest, Suite 302
Grand Rapids, Michigan 49504
(616) 259-8463 / (517) 393-3003
dbarnett@4grewal.com



TRUE COPY
CLINTON COUNTY
CLERK

---

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

### COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, Susan Nongueskwa, by and through her attorneys GREWAL LAW, PLLC, and hereby alleges and states as follows:

### JURISDICTION, AND VENUE

1. Plaintiff Susan Nongueskwa ("Plaintiff"), at all times relevant herein, was a resident of the Charter Township of DeWitt, Clinton County, Michigan.

2. Defendant Speedway LLC ("Defendant") is a Delaware limited liability company authorized and licensed to do business in the Charter Township of Dewitt, County of Clinton, and State of Michigan.

3. The address of Defendant's registered office in Michigan is 539 South Main Street, Findlay, Michigan 45840.

4. The incident that is the subject matter of this complaint occurred in the Charter Township of Dewitt, County of Clinton, and State of Michigan on or about February 7, 2019.

5. The amount in controversy for this incident exceeds twenty-five thousand dollars ($25,000).

6. Jurisdiction is proper pursuant to MCL 600.601 and MCL 600.605.

7. Venue is proper under MCL 600.1621 and MCL 600.1629 because Speedway does business in Clinton County, Michigan.

## **GENERAL ALLEGATIONS**

8. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

9. Defendant owns, operates, manages, and/or has control of a gas station/convenience store located at 14004 South Old U.S. 27, Dewitt, MI 48820 ("Premises").

10. It was Plaintiff's custom and practice to stop at the Premises each morning before work for coffee, gas, other items, or a combination of the same.

11. During the winter months, the sidewalks, parking lot, and entryway of the Premises are consistently salted.

12. Defendant's practice of salting the sidewalks, parking lot, and entryway of the Premises was well-known to its invitees.

13. On or about February 7, 2019, Plaintiff went to the Premises pursuant to her daily routine.

14. At the time of the incident, which is the subject matter of this lawsuit, Plaintiff was a business invitee of the Defendant and was lawfully present on the Premises.

15. While on the Premises, Plaintiff encountered an unsalted and ice-covered area of Defendant's parking lot.

16. Upon Plaintiff's casual inspection, the parking lot seemed safe to traverse without any noticeable hazards.

17. Specifically, most of the parking lot upon which Plaintiff was walking was salted, and Plaintiff could see the salt on the parking lot.

18. There was only a small area of the parking lot that remained unsalted, which is the portion of the parking lot that Plaintiff slipped and injured herself.

19. Plaintiff did not know that the area where she slipped was not salted, and was, in fact, slippery.

20. Plaintiff used due caution and ordinary care while traversing the parking lot area to enter the Premises.

21. Nonetheless, due to the dangerous condition of the parking lot, Plaintiff abruptly slipped and fell, was unable to stop her impending fall, and struck the ground.

22. Plaintiff was admitted to Sparrow Hospital immediately thereafter due to the injuries sustained from the fall on the Premises.

23. Plaintiff was released from Sparrow Hospital on or about, February 10, 2019, after receiving extensive treatment for injuries sustained from the fall on the Premises.

24. Due to injuries sustained, plaintiff underwent a total hip replacement, including, but not limited to, treatment consisting of x-rays, invasive surgery, sutures, and physical therapy.

## COUNT I – PREMISES LIABILITY

25. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

26. Defendant owed a duty of ordinary care to Plaintiff, and a higher duty to Plaintiff as an invitee.

27. Defendant had a duty to keep the Premises, including the parking lot, in a reasonably safe condition for Plaintiff and other invitees.

28. Defendant had a duty to warn Plaintiff and other invitees of dangers and hidden dangers on the Premises, specifically the parking lot.

29. Defendant had a duty to Plaintiff and other invitees to keep the Premises free from unreasonable risks of physical harm, and to warn Plaintiff and other invitees of known or foreseeable hazards, specifically the parking lot.

30. Defendant had a duty to Plaintiff and other invitees to take reasonable measures within a reasonable amount of time to discover and reduce or diminish hazards on the Premises, specifically the parking lot.

31. Defendant had a duty to Plaintiff and other invitees to inspect the Premises for dangerous conditions which needed remediation, specifically the parking lot.

32. Prior to and at the time of the fall, Defendant had not taken any appreciable action to discover, investigate, and/or prevent dangerous conditions relating to the parking lot on the Premises.

33. Prior to and at the time of the fall, Defendant had not displayed any signs or any other type of warning measures to warn Plaintiff and other invitees of the existence of the dangerous condition created by the parking lot.

34. Defendant knew, or in the exercise of ordinary care should have known, of the dangerous condition present on the Premises, specifically the presence of the unsalted parking lot.

35. Specifically, Plaintiff overheard one of Defendant's employees make a comment that the area where Plaintiff slipped is normally salted; however, Defendant ran out of salt that day before the area where Plaintiff slipped could be salted.

36. Defendant knew or should have known that the unsalted parking lot and the failure to apply salt involved an unreasonable risk of harm to Plaintiff and other invitees.

37. Upon information and belief, Defendant's employees, agents, servants, assigns, and/or representatives knew of the presence of dangerous parking lot conditions, or should have known of the dangerous condition.

38. Upon information and belief, Defendant's employees, agents, servants, assigns, and/or representatives were aware that before the time of this incident, there was no salt or other de-icing product placed on the Premises that could be used to mitigate and/or prevent dangerous conditions on the parking lot.

39. Upon information and belief, Defendant's employees, agents, servants, assigns, and/or representatives were aware that before the time of this incident, Defendant had not purchased nor owned any salt or other de-icing product to be used to mitigate and/or prevent dangerous conditions on the parking lot.

40. Upon information and belief, the dangerous condition created by the parking lot had existed for a sufficient length of time for Defendant to discover the condition, or upon the exercise of due care should have discovered the condition.

41. Defendant breached its duties to Plaintiff by failing to inspect the Premises for hazards, and/or failing to warn, and/or failing to discover, and/or failing to maintain, and/or failing to take reasonable measures such as removing ice/snow or applying salt to the dangerous parking lot.

42. Any negligence on the part of Defendant's employees, servants, agents, assigns, or the like is imputed to and becomes the negligence of Defendant through the doctrines of Agency and *respondeat superior*.

43. As a direct and proximate result of Defendant's negligence, plaintiff was seriously injured and sustained injuries and damages including, but not limited to: (1) broken hip, leading to full hip replacement; (2) bruising and soft tissue swelling; (3) frequent headaches; (4) frequent soreness of ribs, middle back, lower back, buttocks, upper thighs, and knees; (5) numbness of feet and swelling of ankles; (6) memory loss; (7) difficult standing and climbing stairs; (8) restrictions on ability to work; (9) physical therapy associated with injuries sustained; (10) past, present, and future pain and suffering as a direct and proximate result of the injuries sustained; (11) mental pain, anxiety, and depression; (12) psychological harm and injury; and (13) past, present, and future medical treatment.

44. Upon information and belief, Plaintiff's injuries may also have activated and/or aggravated latent and/or pre-existing conditions.

## COUNT II – NEGLIGENCE

45. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

46. Defendant had a duty to keep the Premises, including the parking lot, in a reasonably safe condition for Plaintiff and other invitees.

47. Defendant had a duty to warn Plaintiff and other invitees of dangers and hidden dangers on the Premises, specifically the parking lot.

48. Defendant had a duty to Plaintiff and other invitees to keep the Premises free from unreasonable risks of physical harm, and to warn Plaintiff and other invitees of known or foreseeable hazards, specifically the parking lot.

49. Defendant had a duty to Plaintiff and other invitees to take reasonable measures within a reasonable amount of time to discover and reduce or diminish hazards on the Premises, specifically the parking lot.

50. Defendant had a duty to Plaintiff and other invitees to inspect the Premises for dangerous conditions which needed remediation, specifically the parking lot.

51. Prior to and at the time of the fall, Defendant had not taken any appreciable action to discover, investigate, and/or prevent dangerous conditions relating to the parking lot on the Premises.

52. Prior to and at the time of the fall, Defendant failed to take action to remove or attempt to remove the dangerous condition relating to the parking lot on the Premises.

53. Prior to and at the time of the fall, Defendant failed to obtain and/or apply salt or other de-icing product to the Premises to prevent injuries from occurring.

54. Upon information and belief, Defendant's employees, agents, servants, assigns, and/or representatives were aware that before the time of this incident, Defendant had not purchased and/or applied any salt or other de-icing product to the Premises.

55. Upon information and belief, Defendant's employees, agents, servants, assigns, and/or representatives were aware that before the time of this incident, Defendant had not purchased nor owned any salt or other de-icing product to be used to mitigate and/or prevent dangerous conditions on the parking lot.

56. Upon information and belief, the dangerous condition created by the parking lot had existed for a sufficient length of time for Defendant to discover the condition, or upon the exercise of due care should have discovered the condition.

57. Defendant breached its duties to Plaintiff by failing to inspect the Premises for hazards, and/or failing to warn, and/or failing to discover, and/or failing to maintain, and/or failing to take reasonable measures such as removing ice/snow or applying salt to the dangerous parking lot.

58. Any negligence on the part of Defendant's employees, servants, agents, assigns, or the like is imputed to and becomes the negligence of Defendant through the doctrines of Agency and *respondeat superior*.

59. As a direct and proximate result of Defendant's negligence, plaintiff was seriously injured and sustained injuries and damages including, but not limited to,: (1) broken hip, leading to full hip replacement; (2) bruising and soft tissue swelling; (3) frequent headaches; (4) frequent soreness of ribs, middle back, lower back, buttocks, upper thighs, and knees; (5) numbness of feet and swelling of ankles; (6) memory loss; (7) difficult standing and climbing stairs; (8) restrictions on ability to work; (9) physical therapy associated with injuries sustained; (10) past, present, and

future pain and suffering as a direct and proximate result of the injuries sustained; (11) mental pain, anxiety, and depression; (12) psychological harm and injury; and (13) past, present, and future medical treatment.

60. Upon information and belief, Plaintiff's injuries may also have activated and/or aggravated latent and/or pre-existing conditions.

**WHEREFORE** Plaintiff makes claim for all non-economic losses and any economic losses exceeding the sum of Twenty-five thousand ($25,000) dollars. Further, Plaintiff makes claim for any amount that she may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

Respectfully Submitted,

GREWAL LAW, PLLC

Dated: August 9, 2021

By: *Daniel V. Barnett*
**Daniel V. Barnett** (P82372)
*Attorney for Plaintiff*

**STATE OF MICHIGAN**

**IN THE 29th CIRCUIT COURT FOR THE COUNTY OF CLINTON**

| | |
|---|---|
| **SUSAN NONGUESKWA,** | Case no.: 21 -            - NO |
| Plaintiff, | Hon. |
| v | |
| **SPEEDWAY LLC,**<br>a Delaware Corporation, | |
| Defendant. | |

**Daniel V. Barnett (P82372)**
GREWAL LAW, PLLC
*Attorney for Plaintiff*
801 Broadway Northwest, Suite 302
Grand Rapids, Michigan 49504
(616) 259-8463 / (517) 393-3003
dbarnett@4grewal.com

**JURY DEMAND**

**NOW COMES** Plaintiff, Susan Nongueskwa, by and through her attorneys, GREWAL LAW, PLLC, and hereby demands a trial by jury on all claims so triable in the above-captioned matter.

Respectfully Submitted,

GREWAL LAW, PLLC

Dated: August 9, 2021          By: *Daniel V. Barnett*
**Daniel V. Barnett** (P82372)
*Attorney for Plaintiff*